THE STATE OF CONNECTICUT *vs.* TILLEY ANDERSON.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A defendant in a criminal prosecution who is successful in this court on appeal is not entitled to costs, notwithstanding the words of our statutes (§§ 811, 1521) and rules (Practice Book, p. 284, § 62), if taken literally, would support such a claim. This results from the principle that the State, like the king under the English common law, is immune from legal process, mesne or final, and is not included under general words in a statute.

The provision in General Statutes, § 1521, allowing the defendant in a criminal prosecution to appeal to this court "in the same manner, and with the same effect as in civil actions," does not imply a consent upon the part of the State to pay costs, should the appeal be successful.

Costs are never taxable unless given by statute.

It is a general principle that what courts cannot enforce they cannot decree.

Submitted on briefs June 10th—decided July 20th, 1909.

APPEAL from the refusal of the clerk to tax costs in favor of the defendant. *Ruling of clerk affirmed.*

*Ernest L. Averill,* for the defendant, claimant for costs.

*Robert J. Woodruff,* Prosecuting Attorney, for the State.

BALDWIN, C. J.  Costs are never taxable unless given by statute.  *Studwell* v. *Cooke,* 38 Conn. 549.  General Statutes, § 1521, grants a right to the defendant in a criminal prosecution before the Criminal Court of Common Pleas, to an appeal to this court, "in the same manner, and with the same effect as in civil actions."  The defendant was successful (*ante,* p. 111, 72 Atl. 648), in procuring, on appeal, a reversal of a judgment of conviction rendered in the Criminal Court of Common Pleas.  General Statutes, § 811, provides that when a judgment shall be reversed by this court "it may render judgment in favor of the plaintiff in error, or appellant, to recover of the defendant the damages he has sustained by such erroneous judgment, together with his costs on the writ of error or appeal; or may remand the cause to the court below to be proceeded with by said court to final judgment; in which case the whole costs, except the costs on the writ of error, or appeal, shall be taxed in favor of the prevailing party; and the costs in the supreme court of errors shall be taxed in favor of the plaintiff in error, or appellant."  The rules of this court, under this statute (Practice Book, 1908, p. 284, § 62), provide that "in all cases on appeal, whether for legal or equitable relief, when 'error' is found, whether a new trial be awarded or not, the costs of this court (including the expense allowable for printing evidence or evidence and rulings made a part of the record), in the absence of special order to the contrary, will be taxed in the judgment of this court in favor of the prevailing party in this court."

The words of General Statutes, §§ 1521, 811, and of our rules, § 62, if taken literally, would support the defendant's claim.  But it is a general principle that what courts cannot enforce they cannot decree.  *Clarke's Appeal,* 70 Conn. 195,

209, 39 Atl. 155. The State, by which the prosecution was brought, cannot be sued without its consent. It holds the immunities from legal process, mesne or final, belonging by the English common law to the King. *State* v. *Kilburn*, 81 Conn. 9, 11, 69 Atl. 1028. Among these were that he is not included under general words in a statute, and that he pays no costs. *State* v. *Shelton*, 47 Conn. 400, 405; 1 Blackstone's Comm. 261; 3 id. 400. The consent of the State in this cause to be made a defendant on appeal did not imply a consent to pay costs, should the appeal be successful.

The ruling of the clerk is affirmed.

In this opinion the other judges concurred.