THE STATE OF CONNECTICUT EX REL. WILLIAM R. FOOTE
vs. CLIFFORD G. BARTHOLOMEW ET ALS.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 15th—decided May 9th, 1930.

*George E. Beers* and *William L. Beers,* for the appellant (plaintiff).

*Ernest L. Averill,* for the appellees (defendants).

*Earle A. Barker,* for the town of Branford.

MALTBIE, J. This proceeding was brought to compel the board of relief of the town of Branford to include in the assessment list of the town certain real estate owned by the First Ecclesiastical Society of Branford. It has already been three times before this court, and our opinions will be found reported in 103 Conn. 607, 132 Atl. 30, 106 Conn. 698, 138 Atl. 787, and 108 Conn. 246, 142 Atl. 800. Only the first and last of these are now material. The first was concerned with the applicability of the remedy by mandamus to compel the listing of the property and was presented by an appeal from the granting of a motion to quash the alternative writ. We held that the remedy might properly be

invoked. But we specifically pointed out that the motion to quash admitted the allegations of the application for the writ, that, had it been desired to make the claim that the board was acting judicially, such an admission should not have been made, and that by their own acts the respondents had excluded all right to claim discretionary or judicial action. We therefore remanded the case for further proceedings according to law.

The respondents thereupon filed a return in several counts. In the third it was alleged that during the month of February, 1925, the question of the inclusion of the property in the assessment list of the town was before the board of relief upon an appeal from the assessors of the town and that the board heard the appellant and denied the appeal, deciding that the property was not assessable against the society but that the improvements placed upon the land by its lessees were taxable against them and had been assessed upon the same basis of valuation as other like property in the town. The plaintiff demurred to all the counts of the return and upon the appeal from the action of the trial court in sustaining the demurrer we found error as to the third count. We said that, while the decision of the board was erroneous, "a conclusion that the property was exempt from taxation is not one which, in view of the applicable statutory provisions and previous decisions of this court, is free from difficulty, and the board, composed of laymen, might fairly and honestly reach it. That being so, the matter would not be one where mandamus might properly issue." (108 Conn. 249, 142 Atl. 800) There is no conflict between the earlier opinion and this one; in the former we expressly excluded from our consideration the situation which would be presented should the respondents raise the issue that in failing to include the omitted prop-

erty they were acting in the exercise of a fair and honest discretion in deciding a question of difficulty; in the latter we were confronted by that very claim, presented by the return of the respondents, and we held that a defense might be proven under its allegations. We therefore again remanded the case to be proceeded with according to law.

The plaintiff filed a reply to the third count of the return. The terms of this pleading can hardly be regarded as a compliance with the rule requiring admissions and denials to be direct, precise and specific. Practice Book, p. 291, § 203. It was, however, affirmatively alleged in it that on or about February 16th the plaintiff requested the board to make a supplemental list of the property of the Ecclesiastical Society, including that involved in the controversy, which the board refused to do. The case was then presented to the court upon an agreed statement of facts and these facts the trial court has incorporated in its finding. From them it appears that an appeal was taken to the board of relief from the action of the assessors of the town in omitting the property from the tax list of the society, and it is stated that the board after consideration and acting in good faith and upon advice of counsel decided that the property was exempt from taxation against the First Ecclesiastical Society, but that the improvements erected thereon were taxable against the sublessees in possession, and that it denied the appeal. Upon the basis of these facts the trial court found the third count of the return proven and gave judgment for the respondents.

The plaintiff stresses the fact that the present proceeding is one brought to compel the board to add omitted property to the list under Chapter 207 of the Public Acts of 1923, rather than one addressed to the performance of its functions as a tribunal to which

appeals are taken from action by the assessors of the town. In each of the two opinions to which we have referred this was pointed out and what was said in that reported in 108 Conn. 246, 142 Atl. 800, as to the third count of the return necessarily had application to the sufficiency of the facts which might be proven under it as a defense to such a proceeding. The return and the agreed statement of facts both do make specific reference to the denial of the appeal made to the board from the action of the assessors. But, as appears from our opinion in 108 Conn. 246, 142 Atl. 800, the same question was presented by both the appeal and the application to the board for the listing of the property and the allegations of the return and the reply make it clear that both were before the board at practically the same time. The trial court was not in error in construing the return and the agreed statement of fact as intending an assertion of the exercise of the judgment and discretion of the board with reference to the failure to add the property to the assessment list of the Ecclesiastical Society under the Act of 1923. This being so, we cannot hold the trial court to be in error in finding the allegations of the return proven and giving judgment for the respondents.

The plaintiff assigns as one ground of the appeal the portion of the judgment awarding to the respondents such costs as may be legally taxable. The appeal does not attack the form of the judgment, which is clearly defective, in that it is not a direct adjudication upon the allowance of costs, but contends that no costs are taxable to the respondents in this proceeding. At common law no costs were allowed upon writs of mandamus. *State ex rel. Elliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 98 Atl. 580. By § 6057 of the General Statutes it is provided that if the return, upon issue made, is found untrue the court "may render judgment

for the complainant to recover his costs, and grant execution for the same; but if the return shall be found to be true and sufficient said court may render judgment for costs in favor of the party complained of." Writs of mandamus have a twofold aspect. In one, the purpose is to enforce a private duty owed to the relator and the action, while nominally in the name of the State, is really a proceeding by the relator individually against another individual. *State ex rel. Elliott* v. *Lake Torpedo Boat Co., supra.* In the other, the writ is a direct proceeding by the State brought to enforce a public duty. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 Atl. 30. There can be no doubt of the application of the statute in proceedings of the former class. Where, however, the action is brought by the State to enforce a public duty a different situation is presented. A statute giving a right to costs in general terms will not be construed to include an award against the State, because the State is invested with the immunities from legal process, mesne and final, which at common law belonged to the King and there would be no power in the court to enforce its decree. *State* v. *Anderson,* 82 Conn. 392, 73 Atl. 751. The present action, while in form one at the relation of a private individual, has been held by us to be in fact a proceeding brought by the State to enforce a public duty. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 Atl. 30. It necessarily follows that no costs can be allowed the respondents. As, however, the judgment purports only to award to them such costs as can be legally taxable, and none are taxable, the appellant has suffered no harm from it.

There is no error.

In this opinion the other judges concurred.