STATE OF CONNECTICUT *v.* IRENE CHAPMAN, ADMIN-
ISTRATRIX (ESTATE OF KATHERINE KUSHLAK)

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 18—decision released December 19, 1978

*Paul M. Shapiro,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (plaintiff).

*Martin A. Dworken,* for the appellee (defendant).

BOGDANSKI, J.  The procedural background of this case is as follows: The state of Connecticut instituted a statutory action in the Court of Common Pleas in the second geographical area to recover the unpaid costs of the care rendered the defendant's decedent at a state humane institution.  The court rendered judgment for the state, from which the defendant appealed to the Appellate Session of the Superior Court.  That court found error and directed judgment for the defendant.  Pursuant to § 332 of the 1963 rules of practice, the defendant, as the prevailing party, thereupon filed her bill of costs,

which were taxed by the clerk of the trial court. The state objected to the imposition of costs claiming that they were not taxable against the state because of its sovereign immunity.

In support of the taxation of costs the defendant claimed that: (1) the right to costs in any civil action is clearly recognized by § 52-257 of the General Statutes and the words "civil action" in the statute are broad enough to cover statutory actions; (2) whenever the state invokes the jurisdiction of the court to secure affirmative relief in a statutory action, it subjects itself to liability for costs; and (3) in seeking reimbursement for support rendered, the state is no longer engaged in the performance of a governmental duty and, as such, its status is no different from that of any private litigant.

The state, in reply, argued that words of general application in a statute governing costs do not apply to the state; that the immunity of the state is not affected by the character of its activity; and that the recovery of support from those who received care from the state is a governmental action. *Mancini, J.,* overruled the state's claims and affirmed the costs imposed by the clerk. The state thereupon appealed to the Appellate Session of the Superior Court which, in turn, affirmed the action of the trial court.

The Appellate Session did find, however, that the case presented a substantial question of law and certified the following question for our review: "Does General Statutes § 52-257 subject the state to liability for costs in a case where the state brings an action for the recovery of money damages?"

The question is whether the words of general application in § 52-257, the costs statute, are sufficient to warrant the imposition of costs upon the state. In *State* v. *Anderson,* 82 Conn. 392, 73 A. 751, the defendant secured a reversal of his conviction in a criminal case and sought to obtain costs from the state. There were two relevant statutes in effect at that time. Section 811 of the Revision of 1902 of the General Statutes allowed costs in favor of the prevailing party on appeal, while § 1521 of that revision provided that criminal appeals be treated in the same manner as civil appeals. In addition, a Practice Book rule provided that costs in the Supreme Court were to be taxed in favor of the prevailing party. Practice Book, 1908, p. 284, § 62. In that case, this court noted that under a literal reading of the statutes and the rule the defendant would be entitled to his costs. Nevertheless, the court ruled that costs could not be taxed against the state, declaring: "The State, by which the prosecution was brought, cannot be sued without its consent. It holds the immunities from legal process, mesne or final, belonging by the English common law to the King. *State* v. *Kilburn,* 81 Conn. 9, 11, 69 Atl. 1028. Among these were that he is not included under general words in a statute, and that he pays no costs. *State* v. *Shelton,* 47 Conn. 400, 405; 1 Blackstone's Comm. 261; 3 id., 400. The consent of the State in this cause to be made a defendant on appeal did not imply a consent to pay costs, should the appeal be successful." *State* v. *Anderson,* supra, 394.

The ruling of *State* v. *Anderson,* supra, was reasserted in the case of *State ex rel. Foote* v. *Bartholomew,* 111 Conn. 427, 150 A. 308. In that case the state had instituted a mandamus action to

compel the board of relief for Branford to include
the First Ecclesiastical Society on the town's assess-
ment list. On appeal, the Supreme Court ruled that
mandamus did not lie. On remand, the state was
unsuccessful once again and the trial court awarded
the defendant town its taxable costs. Section 6057
of the Revision of 1918 of the General Statutes, in
effect at that time, governing costs in a mandamus
action, expressly allowed taxation of costs in favor
of the prevailing party. The court, nonetheless,
found that costs could not be taxed against the state
on the following grounds: "Writs of mandamus
have a twofold aspect. In one, the purpose is to
enforce a private duty owed to the relator and the
action, while nominally in the name of the State, is
really a proceeding by the relator individually
against another individual. *State ex rel. Elliott* v.
*Lake Torpedo Boat Co.* [90 Conn. 638, 98 A. 580].
In the other, the writ is a direct proceeding by the
State brought to enforce a public duty. *State ex rel.
Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 Atl.
30. There can be no doubt of the application of the
statute in proceedings of the former class. Where,
however, the action is brought by the State to
enforce a public duty a different situation is pre-
sented. A statute giving a right to costs in general
terms will not be construed to include an award
against the State, because the State is invested with
the immunities from legal process, mesne and final,
which at common law belonged to the King and
there would be no power in the court to enforce its
decree. *State* v. *Anderson,* 82 Conn. 392, 73 Atl.
751. The present action, while in form one at the
relation of a private individual, has been held by us
to be in fact a proceeding brought by the State to
enforce a public duty. *State ex rel. Foote* v. *Bar-*

*tholomew,* 103 Conn. 607, 618, 132 Atl. 30. It necessarily follows that no costs can be allowed the respondents." *State ex rel. Foote* v. *Bartholomew,* 111 Conn. 427, 432, 150 A. 308.

In the absence of a specific statutory provision allowing the taxation of costs against the state, this court is required to adhere to the widely recognized principle that statutes relating to costs and authorizing the imposition of costs in various kinds of actions or proceedings, or under various prescribed circumstances, which do not in express terms mention the state, are not enough to authorize imposing costs against the state. *State ex rel. Foote* v. *Bartholomew,* 111 Conn. 427, 150 A. 308; annot., 72 A.L.R.2d 1399, § 9. We conclude that the general language of § 52-257 governing taxable costs does not apply to the state.

Since we conclude that the action brought by the state to recover costs of the care rendered the defendant's decedent at a humane institution was an exercise of a governmental function, we need not address the issue of whether costs would be taxable against the state if its action were not in the exercise of a governmental function.

There is error, the judgments of the trial court and the Appellate Session are set aside and the case is remanded with direction to render judgment sustaining the appeal.

In this opinion the other judges concurred.