[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ADD PARTY DEFENDANT
By writ, summons and complaint filed in this court on October 30, 1990, the plaintiff Jean Deveau instituted this action against the defendants seeking to recover for injuries allegedly incurred on November 2, 1988, when the vehicle in which plaintiff was riding as a passenger was struck by a vehicle owned by defendant Associated Construction Company and operated by defendant Paul M. Buccheri, in the scope of his CT Page 6499 employment.
On December 7, 1990, the defendants filed a "Motion to Add Party Defendant," pursuant to Conn. Gen. Stat. 52-102. Defendants move that plaintiff Deveau be compelled to make Emanuella Laposta, owner and operator of the vehicle in which plaintiff was riding at the time of the alleged accident, a defendant with respect to plaintiff Deveau's claim for personal injuries. Defendants maintain that "it is necessary that Emanuella LaPosta be made a defendant in this matter so that a complete assessment of the percentage of responsibility of all parties to this action brought on behalf of Jean Deveau can be made pursuant to Conn. Gen. Stat. 52-572h." (See Defendants' "Motion to Add Party Defendant" at p. 1.). Defendants have filed a memorandum of law in support of their motion.
Conn. Gen. Stat. 52-102 provides, in pertinent part, that "[u]pon motion made by any party . . . to a civil action . . . the person named in the party's motion shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . ." Conn. Gen. Stat. 52-572h(c) states:
 In a negligence action to recover damages resulting from personal injury . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages . . .
Emphasis Added). Subsections (d) and (n) of Conn. Gen. Stat.52-572h prescribe the manner in which the proportionate share of liability attributable to each party is to be determined.
"What is now Conn. Gen. Stat. 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee). Under Tort Reform I, Conn. Gen. Stat. 52-572h provided that such allocation be made as among any negligent "persons". Id. See Conn. Pub. Acts. No. 86-338. "Thus, a defendant named by the plaintiff could have his or her liability reduced in proportion to the liability of other persons without their presence in the lawsuit as co-defendants." Howard v. Capellan, 5 CSCR 576, 577 (July 10, 1990, Maloney, J.). The statute was amended, however, by Conn. Pub. Acts No. 87-277, Tort Reform II, which changed the wording of the statute to specify that liability is apportioned only CT Page 6500 when more than one "party" was negligent. See Conn. Pub. Acts No. 87-277 3. As a result of this change, "a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action." Howard v. Cappellan, 5 CSCR at 577; see also Hillman v. York Auto of New Haven, 2 CTLR 547, 548 (October 25, 1990, Schimelman, J.). "Such other person, therefore, is necessary as a party defendant for a complete determination of the question of proportionate liability." (Emphasis added). Howard v. Capellan, 5 CSCR at 577.
In Howard v. Capellan, 5 CSCR at 577, the court (Maloney, J.) rejected plaintiff's contention that he should be allowed to determine whom he will sue and that defendant Capellan should be required to bring in the third person by filing a third-party complaint against him pursuant to Conn. Gen. Stat. 52-102a. Noting that the impleader statute allows a defendant to implead a third person "who is or may be liable to him [the defendant] for all or part of the plaintiff's claim against him [the defendant]," See Conn. Gen. Stat. 52-102a, the court reasoned that the impleader statute was inapplicable, for the defendant was seeking to bring in the third party on the basis that the third party was liable to the plaintiff and not to the defendant. Howard v. Capellan, 5 CSCR at 577. The court concluded: "Sections 52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." Id., Citing Royster, Joint and Several Liability and Collateral Sources Under the 1987 Tort Reform Act, Conn. Law Journal, Vol. 62, No. 5, 257-266 (October 1988).
In the instant case, it is necessary that Emanuella LaPosta be made a defendant in order that a complete assessment of the proportionate liability of all parties to this action can be determined pursuant to Conn. Gen. Stat.52-572h. Although some courts have determined that the proper procedure for bringing potentially negligent non-parties into an action is by third-party complaint, see, e.g., Hinkley v. Whipple, 5 CSCR 114 (December 13, 1990, Mack, J.); Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee), the better — reasoned view is that espoused by the court (Maloney, J.) in Howard v. Capellan, 5 CSCR at 577. Accordingly, this court grants defendants' motion to add Laposta as a party defendant pursuant to Conn. Gen. Stat.52-102.
M. HENNESSEY, J. CT Page 6501