[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING JOINDER OF PARTY DEFENDANT UNDER TORT REFORM STATUTE
Plaintiff Allison McKeever brings this action against defendants, Vickie Papcun and Christine Papcun, for injuries sustained when a car operated by Kevin B. Casey (Casey) was allegedly caused by the defendants to strike the plaintiff.
In her complaint, the plaintiff alleges, inter alia, that her injuries were directly and proximately caused by the defendant, Vickie Papcun, because she was racing the automobile driven by Casey, failed to yield to Casey's vehicle, traveled at an unreasonable speed, failed to operate on the right side of the CT Page 5928 road, and failed to drive in an established lane. The plaintiff also alleges that the automobile operated by Vickie Papcun was owned by her mother Christine Papcun and was being operated with Christine Papcun's general authority or permission.
The defendants have filed a motion to join Kevin Casey as a party-defendant pursuant to Conn. Gen. Stat. 52-102 (rev'd to 1991) and the plaintiff objects.
Conn. Gen. Stat. 52-102 provides:
 Sec. 52-102. Joinder of persons with interest adverse to plaintiff and of necessary persons. Upon motion made by any part or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, and (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
See also, Conn. Practice Bk. 85 (rev'd to 1978, as updated to October 1, 1990).
"What is now Connecticut General Statutes 52-572h abolishes the common law rule for no contribution among joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, [State Trial Referee]). "Each [party] is fully liable for his own negligence but is not liable at all for the negligence of any other [party]." Rondeau v. Ritenour, 1 Conn. L. Rptr. 413, 414 (April 9, 1990, Spear, J.). However, a defendant "`cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action."' Hillman v. New York Auto of New Haven, 2 Conn. L. Rptr. 547, 548 (October 25, 1990, Schimelman, J.).
The trial court opinions are divided regarding the proper procedure for bring potentially negligent non-defendants into the action. The court in Lombardi, supra, held that the plaintiffs should not be required to amend their complaint to include nonparties because that would put them at risk of a later suit for vexatious litigation. State Trial Referee Healey held that the proper way to bring in potentially negligent non-parties is by a third-party complaint for indemnification. Lombardi, 4 CSCR at 386; see also, Hinkley v. Whipple, 5 CSCR 114 (December 13, 1989, Mack, J.); Johnson v. Keezing, 5 CSCR 582 (July 23, 1990, Ryan, CT Page 5929 J.); Mattera v. Marisco, 5 CSCR 682, 2 Conn. L. Rptr. 281 (August 20, 1990, Schimelman, J.).
However, in Howard v. Capellan, 5 CSCR 576, 577 (July 10, 1990, Maloney, J.) (citing Royster, Joint and Several Liability and Collateral Sources Under the 1987 Tort Reform Act, 62 Conn. B. J. 257 (1988)), the court held that: "Sections 52-102 and 52-572h
establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." The court further noted that the joined co-defendant could not realistically bring an action for vexatious litigation against the plaintiff because the co-defendant would have been made a party upon the defendant's motion. Howard, 5 CSCR at 577.
Finally, the court stated that the impleader statute would be inappropriate because it "allows a defendant to implead a third person `who is or may be liable to (the defendant) for all or part of the plaintiff's claim against the (defendant)"' and under Tort Reform II the defendant is seeking to join a person who may be liable to the plaintiff. Id. See also Gurton v. Board of Education, 3 Conn. L. Rptr. 591 (April 9, 1991, Hodgson, J.); Dunn v. Avis Rent A Car System, Inc., 5 CSCR 839 (September 17, 1990, Freed, J.) (settling party ordered cited in as co-defendant); Young v. Vanconant, 4 CSCR 314 (March 3, 1989, Kulawiz, J.); C. Deluca, Multiple Liability Under Tort Reform II 7.
Conn. Gen. Stat. 52-572h(c) (as amended by Conn. Pub. Acts. No. 87-277, 3 (Reg. Sess. 1987)) provides:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
One of the major differences between Conn. Gen. Stat. 52-572h
as amended by P.A. 87-227 (Tort Reform II) and 52-572h as amended by P.A. 86-338 (Tort Reform I) is that under Tort Reform II a defendant's liability is proportioned only among the parties whose negligent actions were a proximate cause of the injury, death or damage to property, including persons who settled with or were released by the plaintiff, rather than among all persons whose negligent actions were a proximate cause of the damages. Compare Conn. Gen. Stat. 52-572h(d) (as amended by P.A. 87-227, 3) with P.A. 86-338, 3. "This difference will serve to increase the CT Page 5930 payment made by a liable defendant in certain circumstances, since 100% of the negligence will now be allocated among parties and settled persons rather than among all persons who played any part in the event." C. Deluca, supra p. 4, t. 5. Conn. Gen. Stat. 52-572h(d) provides:
 (d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, and the denominator is the total of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction.
Conn. Gen. Stat. 52-572(h)f provides:
 (f) The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the injury, death or damages to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant.
For example, assume the plaintiff recovers a verdict in the total amount of $100,000 as recoverable economic and noneconomic damages and that the factfinder determines the plaintiff to be 0% negligent and the sole defendant 20% negligent. Under subsection (d), the $100,000 would be multiplied by a fraction in which the numerator is the party's negligence (20%) and the denominator is the total of the percentages of negligence to be attributable to all parties, i.e., 20%. The final formula would be $100,000 times 20% over 20%, or one, which equals $100,000 and subjects the 20% liable defendant to all of the plaintiff's damages.
This Court accepts an alternative construction, namely, to CT Page 5931 read the word "released" in 52-572h(d) to treat persons not sued by the plaintiff within the appropriate limitation period as impliedly released. This construction allows persons who were not sued, but who were shown by a party to the action to be negligent to be included in the equation under subsection (d), thereby increasing the denominator and decreasing the fraction each liable defendant would be required to pay.
Accordingly, this Court concludes that Conn. Gen. Stat. 52-102
requires the joining of a potentially liable person as party-defendant because that person is necessary for a complete determination or settlement of the question of liability and proportioning of damages under Conn. Gen. Stat. 52-572h(d). Therefore, the defendant's motion to join Kevin B. Casey as a party defendant and to serve him with an appropriate writ, summons and complaint is granted.
Clarance J. Jones, Judge.