[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTIONS TO STRIKE FROM JURY LIST AND TO STRIKE COUNTERCLAIM
This is an action in which the state seeks payment from the defendant pursuant to an order of relief issued by Judge Ripley after a bench trial. Judge Ripley ordered the state to enter the defendant's premises and eliminate any violations of the Motor Vehicle Junk Yards statutes (Conn. Gen. Stats. 14-67g
et seq.) and ordered the defendant to pay for the clean-up and post a bond. The first count seeks reimbursement pursuant to the court order, the second count claims foreclosure of the mortgage that secures the bond. The defendant claimed this suit to the jury list. The plaintiff moves to strike it from the jury list.
 I.
Although the plaintiff seeks damages in the first count, this is basically a suit to enforce a court order by foreclosing on the bond executed for this purpose, and, therefore, an equitable action to which the right to a jury does not attach. Savings Bank of New London v. Santaniello, 130 Conn. 206, 209
(1943). The request for damages in the first count is based on the state's compliance with the court order to eliminate violations, and the right under Conn. Gen. Statute 14-67v to do so "at the expense of the defendant."
Moreover, the state is seeking in this action to enforce a public duty on its part under Conn. Gen. Stat. 14-67v, given further characterization as a public duty by virtue of the prior adjudication by this court. Where the state seeks to enforce a public duty, it does not waive its sovereign immunity. State v. Chapman, 176 Conn. 362, 365-6 (1978). Defendant concedes that if the state is clothed with sovereign immunity it would not be subject to the statutory jury claim under Conn. Gen. Stat.52-215.
 II.
The plaintiff moves to strike the defendant's counterclaim and its prayer for relief dated October 30, 1990, on the ground of legal insufficiency and also argues that the counterclaim is not sufficiently related to the plaintiff's complaint to satisfy the transactional test of section 116 of the Connecticut Practice Book.
The plaintiff brought suit to foreclose on a parcel of realty that secures a bond. The defendant's counterclaim CT Page 6045 alleges that the plaintiff "in violation of [defendant's] property rights took and converted the defendant's property all to its financial loss. Consequently plaintiff condemned said property but has failed to pay for it." Additionally, the defendant incorporates the allegations in its special defense into the counterclaim.
Basically, this counterclaim alleges "inverse condemnation" by the plaintiff. The defendant has not specifically identified the property allegedly taken by the plaintiff.
In DeMello v. Plainville, 170 Conn. 675, 680 (1976), the court affirmed the trial court's decision to strike an inverse condemnation complaint where
 "[the plaintiff] has not alleged that their actions, with respect to his property, have been arbitrary, confiscatory, or in abuse of their discretion. He does not allege that he has been prevented from making any reasonable use of his property. Nor has he alleged that the town has entered into possession of his property."
It is clear that the defendant has not sufficiently alleged facts establishing the elements of inverse condemnation.
Motion to Strike from Jury List granted.
Motion to Strike Counterclaim granted.
Wagner, J.