[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third-party defendant moves to strike the third-party complaint on two grounds: (1) that the third-party plaintiff's indemnification claim is legally insufficient for failure to allege an independent legal relationship between indemnitor and indemnitee; (2) that the third-party plaintiff's claim for contribution is legally insufficient under Conn. Gen. Stat. 52-572h(h).
The plaintiff, Granville Downs, filed a one-count complaint dated April 10, 1990, against defendant Lucy E. Torres, alleging negligence in the operation of a motor vehicle on or about January 12, 1989. Pursuant to Conn. Practice Bk. 117, defendant/third-party plaintiff filed a motion to implead third-party defendant Executive Management Company on January 14, 1991, and said motion was granted on January 31, 1991.
By way of a one count third-party complaint dated January 7, 1991, third-party plaintiff alleges that the parking lot in which the alleged automobile accident between plaintiff and defendant occurred was owned, operated, controlled and/or maintained by the third-party defendant. Third-party plaintiff further alleges that third-party defendant was negligent in failing to remove snow and ice from the parking lot, failing to sand the lot, and failing to warn third-party plaintiff of the dangerous condition. Third-party plaintiff claims indemnification, CT Page 6708 costs/attorneys fees, and contribution.
On April 1, 1991, third-party defendant filed a motion to strike the entire third-party complaint and a memorandum of law in support thereof. Third-party defendant moves to strike on the grounds that third-party plaintiff fails to state legally sufficient causes of action for indemnification and contribution.
On April 10, 1991, third-party plaintiff filed a memorandum of law in opposition to third-party defendant's motion to strike.
On May 28, 1991, third-party defendant filed a supplemental memorandum of law in support of its motion to strike.
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). "An attack upon the sufficiency of an impleader complaint should be made by a motion to strike." Commissioner v. Lake Phipps Land Owners Corporation, 3 Conn. App. 100, 102 n. 2 (1985); see also Senior v. Hope, 156 Conn. 92, 97 (1968).
The motion to strike "admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). (Emphasis in original). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). When the motion to strike is directed to the entire complaint, it "must. therefore, fail if any of the plaintiff's claims are legally sufficient." Doyle v. A P Realty Corp., 36 Conn. Sup. 126,127 (Super.Ct. 1980); see also Harpers, Inc. v. Farrel,5 CSCR 681 (August 22, 1990, Lewis, J.).
I. Indemnification
Third-party defendant argues in its supporting memorandum that third-party plaintiff fails to plead "an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty," as required by Atkinson v. Berloni, 23 Conn. App. 325 (1990). (Third-party Defendant's Memorandum, p. 2).
Third-party plaintiff argues in her memorandum in opposition that the third-party defendant "did owe an independent obligation to inspect its parking lot and to take appropriate steps to repair defects within the parking lot." (Third-party plaintiff's Memorandum, p. 3). CT Page 6709
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412 . . . (1965)." Atkinson v. Berloni, 23 Conn. App. 325, 326 (1990).
 If a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. (citation omitted.) Such proof requires a plaintiff to establish four separate elements: "(1)that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatus v. Stop 
Shop Inc., 205 Conn. 694, 698 . . . (1988), Kaplan v. Merberg Wrecking Corporation, [152 Conn. at 416].
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990).
Atkinson v. Berloni, 23 Conn. App. 325 (1990), sets forth an additional requirement for an indemnification cause of action grounded in tort: "[I]n order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent relationship. " Id. at 328; see also Ferryman v. Groton, 212 Conn. 138, 145-46 (1989); Vahey v. Dodson, 3 Conn. L. Rptr. 91, 92 (December 31, 1990, Nigro, J.).
Third-party plaintiff fails to allege facts sufficient to support an independent legal relationship between the third-party plaintiff and the third-party defendant. Accordingly, we find that third-party plaintiff's indemnification claim is legally insufficient.
II. Contribution CT Page 6710
Third-party defendant argues in its supporting memorandum that third-party plaintiff's "action for contribution is not ripe until after a verdict is paid," in accordance with Conn. Gen. Stat. 52-572h(h). (Third-party Defendant's Memorandum, pp. 2-3).
Third-party plaintiff argues in her opposing memorandum that Conn. Gen. Stat. 52-572h "does not require a defendant to wait until after a verdict has been paid to seek contribution," citing Mattera v. Marisco, 5 CSCR 682 (August 20, 1990, Ryan, J.). (Third-party Plaintiff's Memorandum, p. 3).
Conn. Gen. Stat. 52-572h(h) provides:
 (h)(1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
 (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim.
Conn. Gen Stat. 52-572h (rev'd to 1991).
"The common law of this state, unlike that of a number of other jurisdictions, does not permit contribution between joint tortfeasors. (citations omitted)." Gomeau v. Forrest,176 Conn. 523, 525 (1979). However, "General Statutes, Sec.52-572h, as amended by Public Act 87-227 (Tort Reform II), now allows for contribution. But General Statutes Secs.52-572h(g)(1) and 52-572h(h)(1) indicate that this right to contribution attaches only after a final judgment has been rendered." Vahey v. Dodson, 3 Conn. L. Rptr. at 91.
The court in Rondeau v. Ritenour, 1 Conn. L. Rptr. 413
(March 28, 1990, Spear, J.), construed 52-572h(g)(1) and52-572h(h)(1) to hold that:
 The right of contribution arises only after:
1. the claim has gone to final judgment, CT Page 6711
 2. the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 3. claimant has moved to open the judgment within one year after it became final for purposes of reallocation,
 4. a reallocation is made by the court, and
 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.
Id. at 414.
Some superior court decisions have concluded that a defendant may bring a contribution claim pursuant to have impleader statute, Conn. Gen. Stat. 52-102a. See Mattera v. Marsico, 5 CSCR 682, 683 (August 20, 1990, Ryan, J.); Hinkley v. Whipple, 5 CSCR 114 (December 13, 1989), Mack, J.); Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989), Healey, J., State Trial Referee). However, this court follows the persuasive reasoning of Vahey v. Dodson and Rondeau v. Ritenour. Accordingly, we find that the third-party plaintiff's claim for contribution is legally insufficient. Since a "statutory right to contribution is recognized between joint tortfeasors who are parties to the action. . ." Vahey v. Dodson, 3 Conn. L. Rptr. at 92; the defendant may choose to move to cite in Executive Management Company as an additional party defendant.
Third-party defendant's motion to strike the entire third-party complaint is granted.
M. HENNESSEY, J.