[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS DATEDMARCH 9, 1994 and OBJECTION THERETO DATED MAY 23, 1994
Petitioner seeks to dismiss Count 19 of Respondent's counterclaim, claiming that the court lacks jurisdiction. Count 19 alleges that this action is barred in that it restricts trade and is prohibited under Antitrust laws (Sherman Act, FTC Act, Clayton Act.)
The court holds that the petitioner's motion should be granted and the respondent's objection thereto should be overruled. When a state legislature adopts legislation, its actions constitute those of the state and are exempt from antitrust laws. Hoover v. Ronwin, 466 U.S. 558, 567-568,104 S.Ct. 1989, 80 L.Ed.2d 590, reheating denied 467 U.S. 1268
(1984). The Petitioner acts as an "arm of the court" in carrying out its responsibilities under the Practice Book,Sobocinsky v. Statewide Grievance Committee, 215 Conn. 517,526 (1990), and thus also enjoys antitrust immunity.
Petitioner also requests that respondent's claim for costs and expenses be dismissed. The imposition of costs and expenses against the state is prohibited under the doctrine of sovereign immunity. If the state cannot be sued without its consent, the monetary awards such as costs, cannot be taxed against the state. State v. Chapman, 176 Conn. 362, 366.
The immunity from liability for costs enjoyed by the state extends to state officers, boards or other agencies.Ferro v. Morgan, 35 Conn. Sup. 679, 682 (Conn.Super.Ct. 1979). The judicial branch has established the Statewide Grievance Committee to act as an arm of the court in carrying out its responsibilities under the Practice Book. Sobocinskyv. Statewide Grievance Committee, supra, 215 Conn. 526; CT Page 7394Statewide Grievance Committee v. v. Rozbicki, 211 Conn. 232, 239
(1989). The Statewide Grievance Committee is, therefore, a state agency and is immune from liability for costs and expenses under the doctrine of sovereign immunity.
The Motion to Dismiss is granted and the objection thereto is overruled.
Allen, State Trial Referee