[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sheila Josephson, brings this action against Albert Solnit, in his capacity as Commissioner of the Department of Mental Health and Addiction Services.
Also named as defendants are the Connecticut Light and Power Company, and Northeast Utilities Service Company.
The three count complaint seeks recovery for personal injuries arising out of a fall which occurred on December 4, 1994, at approximately 9:38 p. m.
The plaintiff claims to have fallen while walking across Old Farm Road, near Watertown Hall, on the grounds of Fairfield Hills State Hospital in Newtown.
Counts one and two are addressed to the defendant commissioner claiming the creation of a nuisance, and the failure of the commissioner to remedy a dangerous and defective condition. The action is brought pursuant to § 19a-24 of the Connecticut General Statutes.
Count three is framed against the Connecticut Light and Power CT Page 7519 Company and Northeast Utilities Service Company.
The defendant commissioner of the Department of Mental Health and Addiction Services moves to dismiss counts one and two, claiming lack of subject matter jurisdiction.
He argues the he is immune from suit, and that the doctrine of sovereign immunity applies, because the state has not consented to be sued.
Section 19a-24 (a) of the Connecticut General Statutes reads in pertiment part as follows:
 Any claim for damages in excess of one thousand five hundred dollars on account of any official act or omission of the Commissioner of Public Health or the Commissioner of Mental Retardation or any member of their staffs, any member of the Council on Tuberculosis Control, Hospital Care and Rehabilitation, the Council on Mental Retardation or either of the boards of trustees of the state training schools or any member of any regional advisory and planning council or any superintendent, director, employee or staff member of any chronic disease hospital or state training school or state mental retardation region shall be brought as a civil action against the commissioners in their official capacities and said commissioners shall be represented there in by the Attorney General in the manner provided in chapter 35.
Since the state can only act through its officers and agents, a suit against a state officer is in effect one against the state. White v. Burns, 213 Conn. 307, 312 (1990).
Because the doctrine of sovereign immunity implicates subject matter jurisdiction, it is properly raised by a motion to dismiss the complaint. Amore v. Frankel, 228 Conn. 358, 364 (1994);Antimerella v. Rioux, 229 Conn. 479, 489 (1994); AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 213 (1983). Since the motion to dismiss does not seek to introduce facts outside the record, the allegations in the complaint will be construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227
(1983).
It is well settled that the State of Connecticut is immune from suit unless it consents to be sued by appropriate legislation waiving that immunity in certain clearly prescribed CT Page 7520 cases. Bresnan v. Frankel, 224 Conn. 23, 25 (1992); Baker v.Ives, 162 Conn. 295, 298 (1972).
In the absence of legislative authority, monetary awards against the state or its officials are not permitted. State v.Chapman, 176 Conn. 362, 365 (1978). A party seeking to maintain an action under a legislative exception to sovereign immunity must come clearly within the provisions of the exception provided by statute. Federal Deposit Ins. Corp. v. Peabody. N.E., Inc.,239 Conn. 93, 101-02 (1996).
The plain language of § 19-24 (a) demonstrates that certain civil actions may be maintained against the commissioners of Public Health and Mental Retardation, not the Commissioner of the Department of Mental Health and Addiction Services. Duguay v.Hopkins, supra, 232. When a statute presents no ambiguity, it is unnecessary to look any further than the words themselves, which are assumed to express the intent of the legislature. Anderson v.Ludgin, 175 Conn. 545, 552 (1978).
This does not mean that this plaintiff is necessarily without a remedy. The claims commissioner, pursuant to § 4-160 (a) of the Connecticut General Statutes, may consent to suit against the state in situations where the state would be liable if it were a private person. Until that occurs, however, the court has no jurisdiction to hear any claim for monetary damages. Krozser v.New Haven, 212 Conn. 415, 423 (1989).
The defendant's motion to dismiss is GRANTED.
Radcliffe, J.