[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — DEFENDANT'S MOTION TO STRIKE FACTS AND PROCEDURAL HISTORY
The plaintiffs, James and Catherine Christiano, are bringing this action against the state of Connecticut Department of Transportation (the "State"). The suit alleges that the plaintiffs' property and underlying aquifer has been contaminated by contaminated ground and/or surface water from the State facility adjacent to the plaintiffs' property. The plaintiffs are seeking: (1) money damages; (2) injunctive relief; (3) costs; (4) interest; and (5) other equitable relief.
The state has filed a motion to strike all but the first prayer for relief. The state argues that since the plaintiffs' revised claim presented to and approved by the claims commissioner under General Statutes § 4-141 et seq., was a claim for money damages in the amount of $75,000, then that portion of the prayer for relief not pertaining to damages should be stricken. The plaintiffs filed a timely objection to the motion.
 STANDARD — MOTION TO STRIKE
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief. Practice Book § 10-39;Eskin v. Castiglia, 253 Conn. 516, 522-23 (2000). "Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded." Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, (1977). The role of the trial court, then, is to examine the pleading, construed in favor of the pleading party, to determine whether it is legally sufficient. See Id. The court is limited to the grounds set forth in the motion in passing on a motion to strike. Blancato v.Feldspar, 203 Conn. 34, 44 (1987); Meredith v. Police Commissioner,182 Conn. 138, 140 (1980).
 DISCUSSION
The state argues that only the first prayer for relief seeking monetary damages is allowable because the other prayers for relief are barred by CT Page 15604 the doctrine of sovereign immunity; hence, the state must consent to suit pursuant to General Statutes § 4-160.
In Krozser v. New Haven, 212 Conn. 415, 421 (1989), cert. denied,493 U.S. 1036, 110 S.Ct. 757, 107 L.Ed.2d 774 (1990), our Supreme Court, quoting from Horton v. Meskill, 172 Conn. 615, 624, stated the following: "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority. . . . Inaddition, the state cannot use sovereign immunity as a defense in anaction for declaratory or injunctive relief." (Emphasis added.)
"We have excepted declaratory and injunctive relief from the sovereign immunity doctrine on the ground that a court may fashion these remedies in such a manner as to minimize disruption of government and to afford an opportunity for voluntary compliance with the judgment." Doe v. Heintz,204 Conn. 17, 32 (1987). Furthermore, in Spitzer v. Waterbury, 113 Conn. 84
(1931), the Supreme Court noted that "[w]here . . . the plan of construction [adopted] is such as necessarily results in a nuisance to abutting property owners, or is so obviously inadequate as necessarily to result in direct trespass upon their property, the municipality cannot claim immunity, since such a result would constitute an appropriation of property without compensation." Id., 89.
The plaintiffs are seeking monetary damages and injunctive relief. The above exceptions to the doctrine of sovereign immunity apply to the plaintiffs' cause of action for injunctive relief. The only adequate remedy for the plaintiffs may be by way of injunctive relief because orders can be tailored to meet the needs of the plaintiffs, should they prevail on the merits. The present action, however, was brought pursuant to the authorization the plaintiffs received from the claims commissioner.
"When sovereign immunity has not been waived, the claims commissioneris authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. (Emphasis added.)Krozer v. New Haven, supra, 212 Conn. 421; General Statutes § 4-141
through § 4-165b. The claims commissioner, if he deems it "just and equitable," may sanction suit against the state on any claim "which, in his opinion, presents an issue of law or fact under which the sate, were it a private person, could be liable." General Statutes § 4-160 (a). "This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of thelegislative determination to preserve sovereign immunity as a defense tomonetary claims against the state not sanctioned by the commissioner or other statutory provisions. (Emphasis added.) Doe v. Heintz, supra,212 Conn. 35-36; General Statutes §§ 4-160 and 4-148 (b). CT Page 15605
Notwithstanding the foregoing exceptions to the sovereign immunity doctrine, the plaintiffs are foreclosed from seeking relief not sought in the claim upon which authorization was granted. This does not, however, foreclose any rights that the plaintiffs may have to pursue a separate action for injunctive relief against the state.
The plaintiffs are also seeking costs and interest from the defendant. The doctrine of sovereign immunity, if applicable, bars the award of costs. See Doe v. Heintz, supra, 212 Conn. 33. The Connecticut Supreme Court acknowledged that it "never explicitly delineated this particular aspect of the doctrine in final judgment terms." Shay v. Rossi,753 Conn. 134, 166 (2000). The court stated that, "our sovereign immunity cases implicitly have recognized that the doctrine protects against suit as well as liability — in effect, against having to litigate at all." InBergner v. State, 144 Conn. 282, 286, 130 A.2d 293 (1957), we recognized the distinction between immunity from suit and from liability, and held that a statutory waiver of sovereign immunity constituted a waiver of suit and provided a remedy to enforce such liability as the general law recognizes. See also Babes v. Bennett, 247 Conn. 256, 271, 721 A.2d 511
(1998) (where state sued pursuant to statutory waiver of sovereign immunity in action for negligence of state employee operating state owned vehicle, state not immune from reallocation of damages pursuant to General Statutes § 52-572h[g]); State v. Chapman, 176 Conn. 362,366, 407 A.2d 987 (1978) (statutory wavier of sovereign immunity from suit was not waiver of immunity from costs)." Id. These cases demonstrate that the state's waiver of its immunity from liability only arises after a prior determination that is has waived its immunity from suit, and that a wavier of immunity from suit does not necessarily imply a waiver of immunity from all aspects of liability." (Emphasis added; Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 166 (2000).
The plaintiffs allege that the claims commission authorized suit against the defendant pursuant to General Statutes § 4-160. This section states: "[c]osts may be allowed against the state as the court deems just, consistent with the provisions of chapter 901." General Statutes § 4-160 (i). The section makes no mention, however, of whether the award of interest if permitted. Because § 4-160 is a legislative exception to the state's immunity, it must be strictly construed. See Prato v. City of New Haven, 246 Conn. 638, 647 (1998).
Accordingly, the defendant's motion to strike is granted as to the plaintiff's prayer for injunctive relief, interest and other equitable relief. The motion to strike is denied as to the request for costs.
Cremins, J. CT Page 15606