## WALTER WILLIAMSON, ET AL.
### (Appeal from Probate Estate of William Williamson)

Superior Court          Fairfield County          File #51775

Present:   Hon. ALFRED C. BALDWIN, Judge.

Samuel Engelman,                    Attorney for the Appellant.

Shannon & Wilder,                   Attorneys for the Appellee.

## MEMORANDUM FILED JANUARY 11, 1937.

BALDWIN, J.   The deceased, William Williamson, and the appellee, Florence Williamson Barker, married January 15, 1902, and lived together as husband and wife in Stratford until the very early spring of 1926.   Mr. Williamson owned the home in which they lived, which was a one-family house. Mrs. Williamson owned a house in Bridgeport.

In the spring of 1926, they decided to convert the house into a two-family house and they were invited by a friend, Miss Elwood, who lived near-by, to occupy a room in her home while the alterations were being made.   Mr. Williamson accepted the invitation and went, remaining there until his death in March, 1936.   Mrs. Williamson went to the home of a friend of hers in Stratford, remaining there but a short time when she removed to the house she owned in Bridgeport, which house she had in the hands of a real estate agent for sale, and where she established her home and has since remained.

Upon completion of the alterations of the house in Stratford Mr. Williamson rented the upstairs tenement and, although he had at different times applications from three different prospective tenants for the downstairs tenement he held it vacant for approximately eighteen months keeping it warm in the winter months, for re-occupancy by himself and

Mrs. Williamson in the event of her return.

It was a claim of the appellee that Mr. Williamson had called at her home in Bridgeport on various occasions during the nearly ten years she lived there apart from him and that on these occasions she asked him to come and live there to which he replied, "I'll think about it." It was the claim of the appellants that he had said he had not seen her during the last five years of his life.

Mr. Williamson had always lived in Stratford. His home and such business and such occupation as he had was there and the circumstances indicate that he desired and intended to continue his home there.

Mr. Williamson had given to Miss Elwood for safe-keeping, with instructions that they should be kept from Mrs. Williamson, letters written by John Barker to Mrs. Williamson and letters written by her to Barker. The correspondence extended over a long period of time dating as early as 1917, continuing while Barker was in France in the World War and thereafter when he was in the West Indies and in western states. They include most endearing terms of affection for each other, terms of affection that a wife having affection or even regard for her husband could not consistently express to another man. From early in January, 1934, until August, 1935, Barker lived in Mrs. Williamson's home in Bridgeport, and in less than three months after Mr. Williamson's death they married.

It was the claim of the appellee, Mrs. Barker, that her deceased husband knew of her correspondence with Barker, that he "jollied her about it" and did not disapprove of it. Also, that she lived apart from him with his consent.

As to her claim that he approved of the correspondence; this conflicts violently with the well known reactions of human nature and with his conduct in placing the letters in the hands of Miss Elwood for safe-keeping with instructions not to let them fall into the hands of his wife.

The claim that she lived apart from him with his consent is not sustained. The very fact of his refusal to rent the home when applied for by three different parties and kept it vacant for nearly eighteen months, keeping it warm in winter, expecting her return, and other circumstances con-

tradict this claim.

The appellee abandoned her husband without any cause upon his part and continued such abandonment for approximately ten years to the time of his death and she thereby forfeited and lost all right to or interest in his estate as his widow.

**General Statutes, Section 5156; Alexander vs. Alexander, 107 Conn. 101.**

Judgment may be entered for the appellants setting aside the decree of the Probate Court in accordance herewith.