[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 120)
Defendant, Meryl Keezing, moves to strike a complaint filed by defendant Emanuel Halioris pursuant to C.G.S. 52-102, claiming that Halioris' complaint does not state legally sufficient allegations upon which relief may be granted and asserts a prayer for relief to which he is not entitled.
The initial complaint by Daniel Johnson basically alleges that he sustained injuries and damages on July 14, 1987, when the vehicle he was operating was struck in the rear by a vehicle operated by Emanual Halioris, which vehicle was struck in the rear by a vehicle operated by Meryl Keezing.
The claim against Keezing was dismissed by Celotto, J. on November 30, 1989. On January 29, 1990, Cretella, J. granted defendant, Halioris' motion to add Meryl Keezing as a defendant pursuant to C.G.S. 52-102. CT Page 222
P.A. 86-338, known as Tort Reform I, became effective on October 1, 1986. Section 16 of that Act repealed the then52-102 and substituted in lieu thereof:
 "Any party shall have the right to make any person a defendant who has or claims an interest in the controversy or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party."
The instant action is governed by Tort Reform I.
Although the complaint filed against Keezing by Halioris is captioned "Complaint Pursuant to Public Act 86-338, Section 16" its pleadings and prayer for relief are not framed as a third-party complaint for indemnification and therefore it is defective. See: Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, James T. Healey, State Trial Referee).
Accordingly, the Motion to Strike is granted.
STUART M. SCHIMELMAN, JUDGE.