[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE (#117)
This motion to strike arises out of a negligence suit based on a motor vehicle accident that occurred on March 30, 1988. Plaintiff, Ralph Mattera, a municipal employee, was a passenger in a motor vehicle owned by his employer, the Town of Darien, and operated by a fellow employee, Thomas J. Moccia, Jr. when they were involved in a motor vehicle accident with the defendant, Sally J. Marsico. Subsequently, the Town of Darien CT Page 1425 intervened in the suit as co-plaintiff.
Later, the defendant moved "for permission to cite in third-party defendant," Thomas J. Moccia, Jr., who was the driver of the vehicle in which plaintiff was a passenger at the time of the collision with the co-plaintiff's vehicle. The court granted the defendant's motion (Hickey, J. March 28, 1990) and the defendant/third-party plaintiff filed a third-party complaint against Mr. Moccia. Third-party defendant now moves to strike the entire third-party complaint on the grounds of legal insufficiency.
It is found that this negligence action is governed by Tort Reform II covering acts of negligence occurring after October 1, 1987. P.A. 87-227. A motion to strike challenges the legal sufficiency of the allegations of any complaint. Conn. Prac. Bk. 152(1). The motion to strike admits all well pleaded allegations, Kilbride v. Dushkin Publishing Group, Inc.,186 Conn. 718 (1982). If the motion attacks the entire pleading, the motion fails if any part of the pleading is viable. Doyle v. A P Realty Corp., 36 Conn. Sup. 126 (1980).
The third-party defendant, Mr. Moccia, moves to strike the entire third-party complaint against him on the ground that under Tort Reform II, Conn. Gen. Stat. 52-572h(c), there is no right of contribution among tort-feasors. More specifically he argues that by the third-party complaint, the defendant/third-party plaintiff seeks to enforce a right of contribution against him.
In opposition to the motion to strike, the third-party plaintiff cites the language of Conn. Gen. Stat. 52-102, the joinder statute, which permits a person to be made a party by a court if that person is necessary for the complete determination of settlement of any question involved therein. Section 52-102. However, even though the defendant/third-party plaintiff has employed the language of, and has specifically cited 52-102, the joinder statute, he has served and filed a third-party complaint upon Mr. Moccia.
Conn. Gen. Stat. 52-102a, the impleader statute, permits a defendant, as here, to implead a third-party defendant who "is or may be liable to him for all or part of the plaintiff's claim against him." Section 52-102a. Hence, this motion to strike raises a question as to whether the defendant here, who refers to himself as the third-party plaintiff, intended by his motion entitled, "Motion For Permission To Cite In Third Party Defendant" to join Mr. Moccia as a co-defendant under 52-102 or intended to implead Mr. Moccia as a third-party defendant under52-102a. This distinction, is determinative of the CT Page 1426 disposition of the motion to strike before the court.
In support of his motion to strike, the so-called third-party defendant cites 52-572h(c) for the proposition that under Tort Reform II there is no right of contribution among tort-feasors in a negligence action. See Rondeau v. Ritenour, 1 CTLR 5 (1990). The statute obviates the need for contribution between co-defendants because any judgment against a defendant will be for his share of fault only. Section 52-572h(c). It is the opinion of the court that by the articulation of his grounds for the motion to strike, the third-party defendant illustrates that he believes that he has been joined as a co-defendant in this negligence action. Consequently, he contends that the principles of comparative responsibility and apportionment of liability among defendants contained in 52-572h render the third-party complaint against him legally insufficient.
In opposition to the motion to strike, the defendant/third-party plaintiff cites several recent Superior Court decisions which discuss the question of how a third-party may be brought into a negligence action. Although the courts' analysis of the reasons for choosing either the joinder statute, 42-102 or the impleader statute 52-102a to bring a person into an action is relevant here, the decision in the cases was made at the earlier point of the motion for permission to cite in the party. In this case, the motion to cite in has already been granted, removing the choice of statute question, and leaving to be decided an interpretation of exactly what has been granted by this court.
The defendant cites Lombardi v. Johnstone, 4 CSCR 386
(Healy, State Trial Referee, 1989). In Lombardi, also a motor vehicle negligence cause of action governed by Tort Reform II, the defendants moved to cite in an additional party defendant whom they contended was "necessary for a complete determination of settlement of any question involved." The court concluded that since the facts indicated that the additional party was involved, it was proper to cite him in as a party defendant. Id. "The only question is how?" Id. The court agreed with the plaintiffs that so long as they believed the person was not liable to them, they should not be required to amend their complaint to include him. Id. Consequently, the court denied the motion to cite in the party, suggesting that the proper way to bring him in for contribution was by way of a third-party complaint for indemnification. Id.
In this case, although the plaintiffs have not objected to the citing in of Mr. Moccia, they have not amended their complaint to include him. Furthermore, the defendant/third-party plaintiff attached and filed a CT Page 1427 third-party complaint with the motion to cite in Mr. Moccia, which would indicate an intent to implead rather than join him.
In his objection to the motion to strike, the third-party plaintiff also cites Hinkley v. Whipple, 16 CLT 7 (December 13, 1989 Mack, J.) for the proposition that "the proper method to [cite in an additional defendant] is to file a third party complaint." In Hinckley, the court also denied the defendant's motion to cite in an additional defendant, citing the plaintiffs' resistance to the inclusion of the new party. The motion was denied without prejudice to the defendant's filing of a motion to implead the party as a third-party defendant. Id. It is found that citation to the Hinckley case indicates defendant's intent to implead rather than join Mr. Moccia.
Furthermore, examination of the third-party complaint, in particular paragraph six (6), discloses an allegation "that the third party (sic) defendant is partially or fully responsible for such damages that the plaintiff may prove in this action." This language is more characteristic of a claim for contribution or indemnification pursuant to 52-102a, the impleader statute. The allegations of paragraph six, it is found, are sufficient to satisfy the requirements of the impleader statute that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . ." 52-102a(a) (emphasis added).
In conclusion, the court finds that even though the defendant cited 52-102 joinder statute as the basis for his "motion to cite in third party defendant, the allegations of the third-party complaint and the cases cited by the defendant indicate that defendant intended to implead, rather than join Mr. Moccia, the so-called third-party defendant. Consequently, it is found that the third party complaint states a sufficient cause of action under 52-102a(a) that is not barred in this negligence action and the motion to strike is denied.
JOHN J.P. RYAN, JUDGE