[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (No. 104 Motion to Strike)
Plaintiff seeks to strike defendants' Special Defenses contending both are barred by P.A. 87-227 (Tort Reform II). Plaintiff, Barry Hillman, filed a one-count complaint on May 8, 1990, alleging the following facts. Defendant Rick Wiley, while in the employ of defendant, York Auto of New Haven, negligently parked his tow truck with the key in the ignition. The truck was stolen by an unknown person who collided with the plaintiff and caused him injury. The date of the accident was June 21, 1989.
Defendant York Auto filed an answer and two special defenses. Defendant's first special defense alleged that any injuries sustained by the plaintiff were caused by the independent intervening acts of the unknown person who stole defendant's truck, as well as the negligence of the New Haven Police and Connecticut State Police who gave chase. Defendant's second special defense alleged that the unknown person, the New Haven Police, and the State Police proximately caused the plaintiff's injuries, and that the percentage of negligence of each "party" should be specified.
The plaintiff filed a motion to strike both special defenses with an accompanying memorandum of law, arguing that defendant's request to have liability apportioned among nonparties was contrary to Conn. General Statutes 52-572h as amended by Conn.Public Act 87-227 (Tort Reform II). Neither the unknown person nor the police have been named as parties.
Defendants filed a memorandum of law in opposition to plaintiff's motion to strike. The defendants maintain that their special defenses are consistent with both the aforementioned act and statute.
1. First Special Defense CT Page 3336
The first special defense alleges that any injuries sustained by the plaintiff "were the result of an independent, intervening cause in that they were caused by the negligence of an unknown person who stole defendant's tow truck and/or [by the] negligence of the New Haven Police Department and Connecticut State Police who gave chase. . . ." Plaintiff's motion to strike argues that this defense should be stricken because Conn. General Statutes 52-572h(c), since its amendment by Tort Reform II, allows for apportionment of damages only among parties to the action. Plaintiff notes that neither the police departments nor the unidentified party are parties to the action.
The first special defense does not seek to apportion damages or liability. Rather, this defense denies liability altogether by alleging that other actors were the proximate cause of plaintiff's injuries. Conn. General Statutes 52-572h(c) allows for apportionment among parties if "the damages are determined to be proximately caused by more than one party." (Italics in original). The defendant here, however, alleges the absence of proximate cause, not the contributing proximate cause of joint tortfeasors.
Tort Reform II does not apply and therefore the motion to strike is denied as to the First Special Defense.
II. Second Special Defense
Defendants' second special defense specifically seeks to have specified the percentage of negligence caused by "the unknown person, the New Haven Police Department and/or Connecticut State Police . . . whose negligence was the sole proximate cause of the plaintiff's alleged injures."
Because Tort Reform II applies to actions accruing after October 1, 1987, and this accident occurred on June 21, 1989, Tort Reform II governs this action. See Conn. General Statutes 52-572h(c).
The precursor to Tort Reform II, Public Act 86-338
(Tort Reform I), mandated the apportionment of liability among "persons." As amended by Tort Reform II, however, Conn. General Statutes 52-572h allows contribution among joint defendants for their proportionate share of damages. Conn. General Statutes52-572h(c) provides:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of CT Page 3337 more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
"What is now Connecticut General Statutes 52-572h abolishes the common law rule of no contribution among joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989), Healey, J.) (applying Tort Reform II). "Each [defendant] is fully liable for his own negligence but is not liable at all for the negligence of any other defendant." Rondeau v. Ritenou, 1 CTLR 5/6 (March 28, 1990, Spear, J.) (applying Tort Reform II).
Whereas Tort Reform I theoretically allowed defendants to offset their liability against the entire world, Public Act 87-227
(Tort Reform II) limits the application of the statute between parties to the action. Howard v. Capellan, 2 CTLR 19 (July 12, 1990, Maloney, J.). "Public Act 87-227 . . . changed the wording of the statute to specify that liability is apportioned only when more than one `party' was negligent. As a result of this change, therefore, a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action." Id. at 20.
When language used by the legislature is plain and unambiguous there is no room for statutory construction by the courts and the statute will be applied as its words direct. Keleman v. Rimrock Corp., 207 Conn. 599, 606 (1988).
The Second Special defense is legally insufficient and the Motion to Strike is granted.
Accordingly, the First Special Defense remains and the Second Special Defense is ordered stricken.
STUART M. SCHIMELMAN, JUDGE