[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN PARTY DEFENDANT
The defendant Maine Coast Brewing Company has filed a "Motion to Cite in Party Defendant" pursuant to Conn. Practice Bk. 85 and Conn. Gen. Stat. 52-102. In support of its motion, defendant represents the following:
 1.) That the plaintiff's decedent, Jeane H. Dzwil was killed in an accident on May 21, 1989 when the vehicle which she was operating was struck by a motor vehicle operated by Christopher M. McHale; CT Page 6018
 2.) That at trial in the instant matter defendant will show that the injuries, losses and damages sustained by the plaintiff's decedent were caused in whole or in part by negligence and/or reckless conduct of McHale.
 3.) That defendant will ask the trier of fact to assign a percentage of responsibility to McHale pursuant to Conn. Gen. Stat. 52-572h;
 4.) That plaintiff entered into a settlement agreement with McHale before the instant matter was placed into suit; and
 5.) That regardless of the fact that plaintiff has settled with McHale, McHale's presence in the case as a defendant is necessary so that a complete assessment of the percentages of responsibility can be made under Conn. Gen. Stat. 52-572h.
Accordingly, defendant moves that plaintiff be ordered to amend the complaint to state facts showing the interests of McHale in this action and that McHale be summoned to appear herein as a co-defendant.
The plaintiff has filed an objection to defendant's motion to cite in McHale as a party defendant.
Conn. Gen. Stat. 52-102 provides, in pertinent part, that "[u]pon motion made by any party . . . to a civil action . . . the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ." Conn. Gen. Stat. 52-572h(c) states:
 In a negligence action to recover damages resulting from . . . wrongful death . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of . . . damages . . .
Subsections (d) and (n) of Conn. Gen. Stat. 52-572h prescribe the manner in which the proportionate share of liability attributable to each party is to be determined.
Defendant maintains that it is necessary that McHale be CT Page 6019 cited in as a co-defendant in order that a complete assessment of the proportionate liability of all parties to this action can be determined pursuant to Conn. Gen. Stat. 52-572h.
"What is now Conn. Gen. Stat. 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee).
Pursuant to Conn. Gen. Stat. 52-572h(n):
 A release, settlement or similar agreement entered into by a claimant and a person discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. However, the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section.
(Emphasis added.)
Conn. Gen. Stat. 52-572h(f) states that the trier shall make several specific findings, including:
the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section . . . .
(Emphasis added).
Conn. Gen. Stat. 52-572h(f)(4). Subsection (d) of Conn. Gen. Stat. 52-572h prescribes the formula by which the proportionate share of damages attributable to each party is calculated. See Conn. Gen. Stat. 52-572h(d) "The proportionate share of damages depends on each defendant's percentage of negligence. The share of each defendant's damages is a fraction in which the numerator is the specific defendant's degree of negligence and the denominator is the specific defendant's degree of negligence and the denominator is the CT Page 6020 total of the percentages of negligence contributing to the injury, excluding negligence attributable to the claimant." Camp v. Zambarano, 4 Conn. L. Rptr. No. 5, 142, 143-44 (May 24, 1991, Fuller, J.). Subsection (d) provides, in part that "the denominator is the total of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section."
Given the language of the statute, the trier must include the percentage of negligence attributable to any settled or released person in determining the proportionate liability and damages of each party to the action. See Conn. Gen. Stat. 52-572h.
In the instant case, it is not necessary that McHale be added as a party defendant under Conn. Gen. Stat. 52-102 so that a complete assessment of the proportionate liability of each party to the action can be determine. Rather, inasmuch as McHale is a settled or released person under Conn. Gen. Stat. 52-572h (n), the percentage of negligence attributable to McHale will be determined by the trier, see Conn. Gen. Stat.52-572h (f), and included in the determination of the proportionate liability and damages of each party to the action under Conn. Gen. Stat. 52-572h (d). Accordingly, defendant's motion to cite in McHale as a party defendant is denied.
M. HENNESSEY, J.