[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE, #105
ISSUE
Whether the court should grant the defendant's motion to strike because the plaintiff's complaint is legally insufficient in that it fails to name a necessary party.
FACTS
The following facts are alleged in the plaintiff's amended complaint. On or about October 28, 1989, the plaintiff, Neal Peterson, was a passenger in an automobile operated by Eric Peterson which was traveling north on Route 81 in Killingworth, Connecticut. At this time and place, a vehicle owned and insured by the co-defendant State of Connecticut and operated by co-defendant Thomas Heinssen was also traveling north on Route 81 in Killingworth, Connecticut. The defendants' vehicle collided with the rear of the vehicle in which the plaintiff was a passenger. Heinssen was operating the State's vehicle as an agent, servant or CT Page 5117 employee of the State of Connecticut. The collision was caused by the negligence of Heinssen, acting within the scope of his employment, or by the reckless misconduct of Heinssen.
The defendants now move to strike the complaint pursuant to Practice Book Sec. 152(3) because the plaintiff failed to join Eric Peterson, a party necessary for the complete determination of the plaintiff's claim.
DISCUSSION
"Whenever any party wishes to contest . . . (3) the legal sufficiency of any . . . complaint . . . because of the absence of a necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Biro v. Hill, 214 Conn. 1, 2 n. 1,570 A.2d 182 (1990).
The defendants allege that Eric Peterson was negligent in failing to yield the right of way to the defendants' vehicle. The defendants note that General Statutes Sec. 52-572h, known as Tort Reform II, provides that a successful plaintiff's damages shall be apportioned among multiple tortfeasors. The defendants note that the Biro court held that prior to Tort Reform II, a plaintiff could sue multiple tortfeasors separately because there was no right to contribution among joint tortfeasors. Biro v. Hill, supra, 5-7. Accordingly, the Biro court held that the plaintiff's failure to name a joint tortfeasor did not render the plaintiff's complaint susceptible to a motion to strike because any omitted tortfeasors were not necessary parties under Practice Book Sec. 152(3). Id.
The defendants argue that because Tort Reform II provides for contribution among joint tortfeasors; General Statutes Sec. 52-572h (f); that the failure to name a joint tortfeasor renders the complaint susceptible to a motion to strike.
This argument was specifically rejected in Simkewicz v. Goodin, 5 Conn. L. Rptr. 320 (December 6, 1991, Barall, J.). In Simkewicz, the plaintiff alleged that he was a passenger on a motorcycle and was injured when the motorcycle collided with another vehicle. Id., 321. The plaintiff sued the owners and operators of the other vehicle, but did not name the driver of the motorcycle. Id. The defendants filed a motion to strike the complaint on the grounds that the plaintiff failed to sue a necessary party, namely, the driver of the motorcycle. Id. CT Page 5118
The Simkewicz court denied the motion stating "in the words of the court in Biro v. Hill, supra, the `trial court can proceed to decree and do complete and final justice' without the alleged third-party tortfeasor being joined in the law suit.'" Id. The Simkewicz court elaborated:
 Under common law, the plaintiff could decide to sue one of several joint tortfeasors and collect 100% from that one tortfeasor. That fact has not changed substantially under Tort Reform II. The plaintiff can still sue one tortfeasor and collect 100% from that one tortfeasor provided he has not settled or released another tortfeasor. Conn. Gen. Stat. Sec. 52-572h (c) and (d). The major difference between common law and Tort Reform II is where the plaintiff decides to sue more than one tortfeasor or sue one tortfeasor and settle with others, not the fact situation in the present case. Those differences do not implicate the fact that Tort Reform II has left the decisional issue to the plaintiff as to whom he sues or settles with.
Id; see also Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, S.T.R.) (recourse for defendant in tort action under Tort Reform II when plaintiff fails to name a potential tortfeasor is for the defendant to file a third-party complaint against the potential tortfeasor); Camp v. Zambarano, 4 Conn. L. Rptr. 142 (May 24, 1991, Fuller, J.); Banasiewicz v. Laudone, 3 Conn. L. Rptr. 251 (January 29, 1991, Teller, J.); contra, Howard v. Capellan,2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.) Under Tort Reform II, both drivers in a two-car accident are necessary parties who must be brought in by the plaintiff).
CONCLUSION
The court denies the defendant's motion to strike because no necessary party is absent from the plaintiff's complaint.
AUSTIN, JUDGE
The Next Case Begins on Page 5121
CT Page 5121