[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 18, 1992, the defendant Gary Price filed a motion seeking articulation of this court's decision on November 11, 1992, denying Price's motion for summary judgment on the complaint filed against him by the defendant Don Hamilton.
On April 13, 1992, the court, Fracasse, J., granted the defendant Don Hamilton's motion to cite in Price as an additional defendant in the action filed by the plaintiffs John and Gloria Zollner against Hamilton.[1] In the complaint served on Price by Hamilton, Hamilton alleges that the injuries and damages allegedly suffered by the Zollners in a multi-vehicle accident on January 20, 1990 were in whole or in part caused by the negligence of Price. Hamilton seeks an apportionment of damages.
On October 6, 1992, Price moved for summary judgment on Hamilton's complaint on the ground that Hamilton's claims were barred by the applicable statute of limitations, which Price had asserted as a special defense in his answer to Hamilton's complaint. Price argues in his memorandum of law in support of his motion for summary judgment that Hamilton's action is barred by General Statutes 52-584, because Hamilton's motion to cite in Price was filed on February 27, 1992, more than two years from the date of the accident, January 20, 1990.
In opposition to Price's motion for summary judgment, Hamilton argues that because General Statutes 52-572h "requires allocation of the proportionate share of damages amongst all liable parties, the two year statute of limitations provided by Connecticut General Statutes Section 52-584 does not apply. . . ."
At short calendar November 16, 1992, this court denied Gary Price's motion for summary judgment and the motion for articulation was filed and granted. Upon reflection and after careful review of both statutory and case law on the subject, the CT Page 3125 court concludes its original denial of Price's motion for summary judgment should be and hereby is vacated and the motion granted.
The court in Howard v. Capellan, 2 Conn. L. Rptr. 68, (July 12, 1990, Maloney, J.), stated that under General Statutes52-572h, Tort Reform II, "a defendant named by a plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action." Recognizing that this other person is necessary as a party defendant for a complete determination of the question of proportionate liability, the court noted that such person should be made a party defendant pursuant to General Statutes 52-102, not by impleader under 52-102a. Id., 69; but see Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee) (defendants' motion to cite in additional defendant denied without prejudice to the right of the defendants to move for permission to file a third-party complaint against the non-defendant tortfeasor seeking contribution).
In neither Howard v. Capellan, supra, nor Lombardi v. Johnstone, supra, however, was the court faced with the issue of whether the applicable statute of limitations barred the claims filed against the cited in or impleaded party, respectively. General Statutes 52-584, the statute of limitations for negligence actions, provides in pertinent part that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence. . .shall be brought but within two years from the date when the injury is first sustained or discovered. . . ."
In Belanger v. Maynard, 6 CTLR 553, 554 (June 25, 1992, Berger, J.), the court was faced with the issue of whether a cause of action could lie against a defendant who had been cited into plaintiff's action for apportionment of damages under General Statutes 52-572h after the statute of limitations had run. The court held that 52-584 required a finding that the action against the cited in party was barred. The court further noted that while it was sympathetic to the argument that granting the cited in defendant's motion for summary judgment on the basis of the statute of limitations would be the equivalent of returning to a "joint and several liability posture and thus, defeat the goal of Tort Reform II to apportion damages amongst all involved," the legislature had not seen fit to grant any exclusions or exceptions to this situation. Id.; but see George v. Royer, 5 Conn. L. Rptr. 301 (November 26, 1991, Pickett, J.) CT Page 3126 (third-party defendant's motion for summary judgment granted on the ground that third-party plaintiff's action was brought beyond the two year statute of limitations; court noted, however, that because the third-party defendant was necessary for the purpose of apportionment of damages under 52-572h, any motion to cite him into the plaintiff's action should be favorably considered.
The facts of the present case are analogous to those in Belanger v. Maynard, supra: Hamilton's motion to cite in Price was filed on February 27, 1992, more than two years from January 20, 1990, the date on which the plaintiffs sustained their injuries. While apportionment of damages may be the ultimate goal pursuant to tort reform, it seems economically unsound to force a third-party defendant to defend or continue to defend in an action absolutely barred by the statute of limitations. It is the function of the legislature to provide an exclusion if it seems fit, not the court's.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987)). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co., 7 Conn. App. 164, 167 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984) (quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971)). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979). The motion for summary judgment dated October 6, 1992 is granted.
Richard J. Stanley, Judge