[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is a motion to strike filed by two third-party defendants. Before addressing that motion, however, a review of the confused state of the pleadings in the file is necessary.
On December 19, 1989, the plaintiff, Texene Bosco, filed a four count complaint against the defendants, J. Neale MacDonald Co. Inc. (MacDonald) and Brian Lensink, Commissioner of the Department of Mental Retardation (Lensink). The plaintiff alleges that she was made to suffer, inter alia, severe emotional distress when she was followed and photographed by Antonio Pinheiro, a private investigator employed by the Interdome Group. The plaintiff alleges that defendant MacDonald is an insurance company or works for an insurance company that provides workers' compensation insurance coverage to the plaintiff's former employer, Southbury Training School, a state institution under the supervision of Lensink. The plaintiff further alleges that MacDonald employed Pinheiro and/or Interdome Group (Interdome) to follow the plaintiff as part of its investigation into the plaintiff's entitlement to workers' compensation benefits.
On November 2, 1990, the defendant MacDonald filed a motion to add the Interdome Group, Inc. as a third-party defendant pursuant to General Statutes 52-102, 52-572h and Practice Book 85. On February 4, 1991, MacDonald filed a similar motion to add CT Page 6604 Pinheiro as a third-party defendant. On April 29, 1991, the court, Langenbach, J., granted both motions and, by separate orders, ordered the plaintiff to amend her complaint to state the interests of Interdome and Pinheiro in the action and to summon Pinheiro and Interdome to appear as defendants. Following the court's orders, however the defendant MacDonald summoned and served separate third-party complaints on Interdome and Pinheiro. The three count third-party complaints served on Pinheiro and Interdome were virtually the same. In count one, MacDonald alleges that any alleged injuries suffered by the plaintiff Bosco were the result of Pinheiro's/Interdome's negligence. In count two, MacDonald alleges that any intentional infliction of injuries upon the plaintiff as alleged against MacDonald in count four of Bosco's complaint were the result of Pinheiro's/Interdome's actions. In count three, MacDonald seeks indemnification.
On October 3, 1991, Pinheiro filed an answer to the third-party complaint served on him. On October 10, 1991, Interdome filed a motion to strike the third-party complaint and a memorandum of law in support thereof to which MacDonald filed an objection on November 19, 1991. This motion to strike was never ruled upon by the court, and on January 8, 1992, the third-party defendant Interdome filed a motion to strike MacDonald's amended third-party complaint, dated December 10, 1991, as well as an objection to this amended complaint. It is noted by the court that the file does not contain an amended third-party complaint dated December 10, 1991; however, on January 14, 1992, defendant MacDonald filed a request for leave to amend its third-party action with an attached "First Amended Third Party Complaint." On February 28, 1992, third-party defendant Pinheiro filed a "Motion to Join in Third Party Defendant the Interdome Group's Motion to Strike", dated January 6, 1992. On July 29, 1992, defendant MacDonald filed a withdrawal of 1) the amended third-party complaint dated December 10, 1991, which complaint is not a part of the court file; 2) the "First Amended Third-Party Complaint", dated January 13, 1992; and 3) a motion to add third-party defendants, dated June 11, 1992 (This motion is not related to the pleadings being considered by the court in this memorandum).
On October 14, 1992, the third-party defendants, Pinheiro and Interdome, filed a joint motion to strike the third-party complaints, dated November 1, 1990 (against Interdome) and January 30, 1991 (against Pinheiro). On December 21, 1992, third-party plaintiff MacDonald filed an objection to the motion to strike filed by the third-party defendants. CT Page 6605
A motion to strike is used to contest the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Practice Book 152(1); Bouchard v. People's Bank, 219 Conn. 465, 594 A.2d 1 (1991). Unless the court otherwise orders, the filing of an answer to a complaint waives the right to file a motion to strike. Practice Book 112 and 113.
The motion to strike currently before the court is brought by third-party defendants Pinheiro and Interdome and seeks to strike the separate third-party complaints filed against them by MacDonald. Third-party defendant Pinheiro, however, overlooks his answer to the third-party complaint filed on October 3, 1991, which would normally preclude the filing of a motion to strike. See Practice Book 112 and 113. If the third-party plaintiff MacDonald had not withdrawn his amended complaint, dated January 13, 1992, Pinheiro would have been permitted to file a motion to strike. See Practice Book 177. However, given the somewhat confused state of the pleadings in his file, the court may, relying on the direction of Practice Book 6 that the rules be interpreted liberally, permit the third-party defendant Pinheiro to file a motion to strike.[1] See also Practice Book 113; Sabino v. Ruffolo, 19 Conn. App. 402, 562 A.2d 1134 (1989) (Section 6 of the Practice Book, which allows for the liberal interpretation of the rules, supports the view that the language "when the court does not othewise order" in 113 gives the court discretion to allow the filing of pleadings out of order.)
As outlined earlier in this memorandum, the third-party complaints served on Pinheiro and Intedome [Interdome] are virtually identical. In the first count of each complaint, the third-party plaintiff MacDonald alleges that any injuries and damages sustained by the plaintiff Bosco were the result of the negligence of Pinheiro/Interdome. In count two, MacDonald alleges that any intentional infliction of emotional distress upon Bosco, which Bosco claims was the result of MacDonald's actions, was, in fact, the result of Pinheiro's/Interdome's actions. In the third count of both third-party complaints, MacDonald seeks indemnification on a theory of active/passive negligence.
The third-party defendants move to strike the third-party complaints on the following grounds:
1) There is no right of indemnity or contribution CT Page 6606 between joint tortfeasors, and the allegations as set forth of (sic) the third party plaintiff's complaint do not bring the third party defendants within the exception;
 2) The third party complaint fails to allege the requisite independent legal relationship between third party plaintiff, J. Neal MacDonald, and third party defendants, The Interdome Group, Inc. and Antonio Pinheiro.
 3) The third party plaintiff's claim for indemnity must fail when construed against the background of the underlying complaint.[2]
In opposition to the third-party defendants' motion to strike, the third-party plaintiff MacDonald argues that tort reform in Connecticut has abrogated the common law rule that there is ordinarily no right to contribution or indemnity between joint tortfeasors and provides for an allocation of fault among persons responsible for damages. MacDonald argues that Pinheiro and Interdome have been impleaded pursuant to Practice Book 85 and General Statutes 52-102 on two theories: one, the common law theory of indemnification; and two, the tort reform theory of allocation. MacDonald further argues that Interdome and Pinheiro fail to recognize the theory of allocation envisioned by the tort reform statute.
In response to the third-party defendants' second ground for striking the complaints, that the third party complaint fails to allege a requisite independent legal relationship between MacDonald and the third-party defendants for an indemnification claim, MacDonald appears to argue that an independent legal relationship between MacDonald and the third-party defendants is not necessary for an indemnification claim. MacDonald further argues, however, that "without arguing the validity of movants' posture, clearly there does exist an independent relationship between the third party plaintiff and third party defendant. . . ." MacDonald asks the court to take notice of his allegation that Interdome "contracted with J. Neal Mac Donald" for the performance of an investigation of the plaintiff Bosco. It is noted by the court, however, that there is no allegation that Interdome contracted with MacDonald in either of the third-party complaints that the third-party defendants seek to strike. CT Page 6607
"Connecticut General Statutes 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee).
General Statutes 52-572h(c) states:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
In Howard v. Capellan, 2 Conn. L. Rptr. 68, 69 (July 12, 1990, Maloney, J.), the court held that "[s]ections 52-102 and52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." The court in Howard v. Capellan noted that a motion to cite in pursuant to 52-102 is the proper vehicle to bring non-defendant tortfeasors into an action, not a motion to implead under 52-102a. Id. The court further noted that because apportionment deals with liability of all defendants in relation to the plaintiff, an impleader action, which considers a third-party defendant's liability to the defendant/third-party plaintiff, is not the proper vehicle to join non-defendant tortfeasors in the plaintiff's action for the purpose of apportioning damages. Id.
Pursuant to General Statutes 52-102, "upon motion made by any party or nonparty to a civil action, the person named in the party's motion . . . may be made a party by the court. . . ." Practice Book Form 106.4 provides a proposed motion and order for a "Motion to Cite in Party Defendant," which require the plaintiff to amend his complaint to state the interest of the party to be cited in and to summon and serve that party. In contrast, a motion to implead pursuant to 52-102a states that "[a] defendant in any civil action may move the court for permission as a third-party CT Page 6608 plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him." (Emphasis added.)
In the present case, the defendant MacDonald filed a motion to add Interdome as a third-party defendant pursuant to General Statutes 52-102, seeking permission to serve the attached writ, summons and third-party complaint. The order attached to the motion, however, ordered the plaintiff to amend his complaint and summon and serve Interdome. A similar motion was filed to add Pinheiro, using the same procedure. As noted previously, the plaintiff neither amended her complaint to state the interest of Interdome or Pinheiro in her action nor summoned and served either to appear. The defendant MacDonald has confused the procedures to be followed under 52-102 and 52-102a, for a motion to add a third-party is not brought pursuant to 52-102. Furthermore, the order signed by the court that the plaintiff amend her complaint and summon and serve Pinheiro and Interdome was not followed. The result of the service of a third-party complaint on Pinheiro and Interdome by MacDonald was to make them third-party defendants; in that context, any liability of Pinheiro and Interdome would be to MacDonald. Such service did not make Pinheiro or Interdome parties to the plaintiff Bosco's action such that apportionment of liability for Bosco's damages can be made. These counts, for the purposes of the third-party defendants' motion to strike, should be considered a part of the claim for indemnification made in the third count.
Indemnity is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 194, 554 A.2d 287 (1989). Although there is ordinarily no right of indemnity or contribution between joint tortfeasors, indemnification has been permitted in situations where one tortfeasor is primarily liable. Ferryman v. Groton 212 Conn. 138, 142-43, 561 A.2d 432 (1989); Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990). A claim for indemnification grounded in tort requires a plaintiff to plead and prove four separate elements:
 "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion CT Page 6609 of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."
Burkert v. Petrol Plus of Naugatuck Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), quoting Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,698, 535 A.2d 357 (1988).
In Atkinson v. Berloni, supra, 328, the court concluded that in addition to the four elements outlined in Burkert, "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. "
There is no allegation in the third-party complaints, which are the subject of the present motion to strike, of an independent relationship from which either Pinheiro or Interdome owed a duty to third-party plaintiff MacDonald. The third-party defendants' motion to strike the third-party complaints dated November 1, 1990 and January 29, 1991 is granted on the ground that the claims for indemnification asserted in those complaints are legally insufficient because they lack allegations of a legal duty owed by the third-party defendants to the third-party plaintiff MacDonald. The motion to strike the third party complaints is granted without prejudice to the defendant MacDonald to seek apportionment of liability for the plaintiff's damages by filing a proper motion to cite in pursuant to General Statutes 52-102, accompanied by an order that the plaintiff Bosco amend her complaint to state the interest of Pinheiro and Interdome in her action and to summon and serve Pinheiro and Interdome to appear as defendants.
Sylvester, J.
SYLVESTER